IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN E. MILLER,                        )
                                        )
         Plaintiff,                     )
                                        )    CIVIL ACTION
v.                                      )
                                        )    No. 09-1354-JWL
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
         Defendant.                     )
_____ )

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a partially favorable decision of the Commissioner of Social Security (hereinafter Commissioner) finding Plaintiff disabled beginning December 17, 2007 but not before, pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the administrative law judge's (ALJ's) determination of onset date, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.    Background**

Plaintiff applied for disability insurance benefits (DIB) on December 7, 2005, and for supplemental security income (SSI) on December 8, 2005, alleging disability since July 26, 2004. (R. 13, 56-61).[1] The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ). (R. 13, 23-37). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Robert J. Burbank on August 11, 2008. Id. At the hearing testimony was taken from Plaintiff, and although a vocational expert appeared, he did not testify. (R. 13, 336-53).

On January 30, 2009, ALJ Burbank issued his partially favorable decision finding Plaintiff's date last insured for DIB was December 31, 2004, but that Plaintiff was not disabled before that date, and that Plaintiff became disabled within the meaning of the Act on December 17, 2007. (R. 13-22). In reaching his decision, the ALJ made several intermediate findings. He determined that Plaintiff had only one "severe" impairment within the meaning of the Act since his alleged onset date, degenerative disk disease, but that beginning December 17, 2007 Plaintiff has had a severe combination of impairments including degenerative disk disease, major depressive disorder, and anxiety disorder, and that Plaintiff's mental impairments produce moderate restrictions in activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace. (R. 16). He determined Plaintiff "has

---

[1]The SSI exhibits were not available for inclusion in the administrative record. (R. 3).

not had an impairment or combination of impairments that meets or medically equals" a

Listed Impairment since the alleged onset date. (R. 16).

The ALJ assessed Plaintiff's residual functional capacity (RFC) for the periods both before and after December 17, 2007. (R. 17-19). He found that before December 17, 2007 Plaintiff had the RFC for a full range of light work, but that beginning December 17, 2007 although Plaintiff continues to have the exertional capacity for light work, he is "unable to respond appropriately to co-workers or supervisors, or to routine changes in work setting, and . . . is unable to perform sustained work activities on a regular and continuing basis." (R. 18). He found this to be so because "by December 17, 2007, the claimant's mental impairments had become severe and imposed additional functional limitations upon his abilities." Id. In the analyses supporting his RFC assessments, the ALJ discussed the credibility of Plaintiff's allegations, and the weight he accorded the medical source opinions. (R. 17-19). He determined Plaintiff's allegations of symptoms resulting from his impairments were not credible before December 17, 2007 (R. 17), but "are generally credible" beginning December 17, 2007. (R. 18). He accorded "substantial weight" to the opinions of the state agency medical consultants regarding Plaintiff's condition before December 17, 2007 (R. 18), but accorded those opinions "little weight for the period after December 17, 2007," because the consultants "did not have the benefit of the subsequent mental health treatment to consider in forming their opinions." (R. 19). The ALJ noted that Plaintiff's primary care physician, "Dr. Merkel

3

completed a Medical Source Statement, Mental dated December 17, 2007, in which the physician opined that due to claimant's mental impairments he was extremely limited in all work related categories." (R. 19). He gave Dr. Merkel's opinion "controlling weight pursuant to 20 CFR 416.927, 404.1527, and SSR [(Soc. Sec. Ruling)] 96-2p." Id.

He found that Plaintiff has been unable to perform past relevant work at all times since the alleged onset date, but that for the period before December 17, 2007, Medical-Vocational (grid) Rule 202.18 directs a finding of "not disabled" because of Plaintiff's ability to perform a full range of light work. (R. 19-20). The ALJ determined that for the period beginning December 17, 2007, Plaintiff's inability to respond appropriately to co-workers or supervisors, or to routine changes in work setting, and his inability to perform sustained work activities on a regular and continuing basis narrow the range of work of which Plaintiff is capable to the extent that a finding of "disabled" is appropriate using grid Rule 202.18 as a framework for decision. (R. 20). The ALJ concluded that Plaintiff "was not disabled prior to December 17, 2007, but became disabled on that date," and denied Plaintiff's application for DIB, but awarded SSI disability benefits based upon disability beginning on that date. (R. 21).

Plaintiff sought review, arguing that his onset date should be July 26, 2004 as originally alleged. (R. 9). The Appeals Council found no reason for review under their rules, and denied the request. (R. 4-6). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 4); Cowan v. Astrue, 552 F.3d 1182, 1184 (10th Cir. 2008).

4

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)); see also, 42 U.S.C. § 1383(c)(3) (final decision in an SSI case "shall be subject to judicial review as provided in section 405(g) of this title"). Section 405(g) of the Act provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; accord, Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that he is unable to perform his past relevant work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step, sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If the claimant's impairments do not meet or equal a listed

impairment, the Commissioner assesses RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform his past relevant work, and whether, when considering vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erroneously transferred the burden to prove onset date to Plaintiff, and also committed numerous errors in evaluating Plaintiff's disability, all of which Plaintiff classified as "Erroneously Determin[ing] Plaintiff's Residual Functional Capacity." (Pl. 6-17). In that section of his brief, he claims the ALJ: erred at step two in evaluating the severity of Plaintiff's mental impairments before December 17, 2007; erred in evaluating the opinion of Dr. Schwartz; erred in evaluating the opinion of Dr. Merkel regarding Plaintiff's mental impairments for the period before December 17, 2007, and in failing to address Dr. Merkel's opinion regarding Plaintiff's physical limitations; erred in choosing an onset date merely because it coincided with the date of Dr. Merkel's Medical

7

Source Statement; erred in failing to recognize that his step three finding that Plaintiff had "marked" limitations in two broad areas of mental functioning beginning December 17, 2007 constituted a finding that Plaintiff's mental impairments meet the severity of Listings 12.04 and 12.06, and in failing to recognize that Plaintiff's mental condition did not progress overnight on December 16, 2007 from a "not severe" mental impairment to an impairment which is so severe as to meet a listing; erred in evaluating the opinions of the state agency medical consultants; erred in directly applying grid Rule 202.18 to the period before December 17, 2007; erred in relying on sporadic daily activities to discredit Plaintiff; and erred in failing to consider that none of Plaintiff's doctors thought he was exaggerating or malingering. Plaintiff concluded by arguing that he has been disabled six years, and the Commissioner's decision should be reversed and the case remanded for immediate award of benefits. (Pl. Br. 17-18). Faced with this plethora of alleged errors committed at various points in the sequential evaluation process, but all argued under the rubric of "errors in assessing RFC," the Commissioner organized his response under five issues involving whether the ALJ properly: evaluated the severity of Plaintiff's impairments; evaluated the credibility of Plaintiff's allegations; considered the medical opinions; derived Plaintiff's RFC; and demonstrated other work available in the economy of which Plaintiff is capable. (Comm'r Br. 7-22). In a reply brief longer than his original brief, Plaintiff reiterated the errors alleged in his brief, explained why his view of the record is preferable to that of the Commissioner, argued that much of the Commissioner's

argument is merely post hoc rationalization which the Commissioner may not present and upon which the court may not rely, and argued that the ALJ should have recontacted Dr. Merkel for clarification of his opinion. Although Plaintiff claims the ALJ committed many errors, the thrust of his argument is that the ALJ erred in determining the onset date of Plaintiff's disability, and that Plaintiff's mental impairments in combination with his physical impairments were severe before December 17, 2007, and were in fact disabling before his insured status ended on December 31, 2004. The court holds that the ALJ erred in determining the onset date of Plaintiff's disability, but finds that remand is necessary for the Commissioner to properly determine the onset date.

## III.  Discussion

An administrative agency must give reasons for its decisions. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995); accord, Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988). Here, the ALJ determined Plaintiff's allegations of symptoms resulting from his impairments were not credible before December 17, 2007, but were generally credible thereafter. He accorded substantial weight to the state agency medical consultants opinions before December 17, 2007, but little weight after December 17, 2007. He gave Dr. Merkel's opinion controlling weight beginning December 17, 2007, but not before. He determined Plaintiff was not disabled before December 17, 2007, but that he became disabled on that date. However, as Plaintiff points out, the ALJ gave no explanation for why that particular date was chosen as the onset date. The Commissioner attempts to fill

the void by arguing that the ALJ's onset date is consistent with the medical evidence because Plaintiff was admitted for psychiatric hospitalization in January 2008, "Plaintiff's mental problems must have been deteriorating before the date of hospitalization," and because Plaintiff had not mentioned significant emotional problems at his May 17, 2007 appointment with Dr. Merkel. Plaintiff, on the other hand, points out that Dr. Merkel's December 17, 2007 Medical Source Statement not only presented extreme limitations in all mental abilities, and opined that Plaintiff is not able to work at the present time "and probably in the future," but also opined that those limitations were first present in 1997. (R. 256). Despite stating that he gave Dr. Merkel's opinion "controlling weight," the ALJ found no "severe" mental impairments before December 17, 2007. This is an ambiguity requiring remand for a proper explanation of the onset date and why the ALJ accorded "controlling weight" to the opinion without finding Plaintiff had those limitations on Plaintiff's alleged onset date which was after 1997 but before December 17, 2007.

Moreover, and more importantly, the court finds that the ALJ did not apply the correct legal standard to determine onset date. In 1983, the Commissioner propounded Social Security Ruling (SSR) 83-20, "Titles II and XVI: Onset of Disability," "To state the policy and describe the relevant evidence to be considered when establishing the onset date of disability under the provisions of titles II and XVI of the Social Security Act (the Act) and implementing regulations." 1983-1991 West's Soc. Sec. Reporting Serv., Rulings 49 (1992). Social Security Rulings "are binding on all components of the Social

Security Administration." 20 C.F.R. § 402.35(b)(1); accord, Sullivan v. Zebley, 493 U.S. 521, 530 n.9 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). SSR 83-20 is binding on the ALJ, and provides guidance for determining onset date in cases such as this, where Plaintiff's disability is of nontraumatic origin:

> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.

1983-1991 West's Soc. Sec. Reporting Serv., Rulings at 50. The Ruling notes that the starting point in determining onset is the claimant's alleged onset date, but requires that "the established onset date must be fixed based on the facts, and can never be inconsistent with the medical evidence of record." Id. at 50-51. It notes that it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling, that in such cases it will be necessary to infer an onset date from record evidence, and that the ALJ should call on the services of a medical advisor when onset date must be inferred. Id. at 51. The Ruling explains that, "Convincing rationale must be given for the date selected." Id. at 52.

Here the ALJ gave no rationale for the onset date chosen, and certainly not a convincing rationale. Remand is necessary for the Commissioner to determine the onset date as required by SSR 83-20 and to provide a convincing rationale for the date chosen based upon the record evidence. Likely it will be necessary to infer the onset date, and, if so, the Commissioner should call upon the services of a medical advisor to assist therein.

11

Plaintiff argues it is not appropriate to further delay receipt of benefits and that the case should be reversed and remanded with instructions to award benefits. (Pl. Br. 18). However, Plaintiff provides no citation to legal authority for the proposition and no explanation why immediate award of benefits is the proper course in the circumstances. Therefore, Plaintiff has waived this argument. Wall, 561 F.3d at 1066 (undeveloped issue is waived); Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived); see also, Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims which were never developed, with virtually no argument presented); and, Ortiz v. Apfel, 39 F. Supp. 2d 1275, 1285-86 (D. Kan. 1998) ("Parties may waive issues, arguments, and objections by not presenting them to this court.").

Moreover, the court finds that remand for an immediate award of benefits is not appropriate here. Whether to remand the case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." Salazar v. Barnhart, 468 F.3d 615, 626

(10th Cir. 2006)(quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion. Sisco, 10 F.3d at 746.

Here, the medical evidence is ambiguous regarding the precise date Plaintiff's impairments became disabling. Therefore, it appears to the court that an onset date must be inferred from the evidence. That is a medical determination for which the court is not qualified and for which the services of a medical advisor will likely be necessary. Therefore, the court is unable to determine onset date and to remand for an immediate award of benefits. That decision must be made by the Commissioner on remand, likely utilizing the services of a medical advisor.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for proceedings consistent with this opinion.

Dated this 19th day of November 2010, at Kansas City, Kansas.


                                        s/ John W. Lungstrum  
                                        **John W. Lungstrum**  
                                        **United States District Judge**